IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY G. MARSHALL, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. CIV-11-575-HE ) |
| CARL BEAR, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the court is Defendants' Motion to Dismiss/Motion for Summary Judgment and Brief in Support (Defendants' Motion) [Doc. No. 28] to which Plaintiff has responded (Plaintiff's Response) [Doc. No. 30]. The record also includes a Special Report (SR) [Doc. No. 27] filed in accordance with the court's Order and *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). For the reasons set forth, it is recommended that Defendants' Motion be granted based on Plaintiff's failure to exhaust his administrative remedies.[1]

## Plaintiff's Claims

---

[1] Defendants raise other defenses, Defendants' Motion, 18-28, but because the undersigned agrees that Plaintiff has failed to exhaust the available administrative remedies before filing this action, these other defenses have not been addressed.

In Count 1, Plaintiff contends that he was "denied equal protection of the law because of his race[.]" Complaint, p. 8. In support of this claim he alleges a cover-up by staff, lack of "high ranking Afro-American employees" at the Oklahoma State Reformatory (OSR), inadequate grievance responses, nepotism, retaliatory grievance restriction, and transfer of Plaintiff from Unit G to Unit B to accommodate white inmates.[2] *Id.*, pp. 8-10. In Count 2, Plaintiff states that he was retaliated against for asserting "a known valid race discrimination issue." *Id.*, p. 8. Specifically, Plaintiff contends that Defendant Bear prevented him from filing grievances and that Defendants Rudek and Morton "condoned the illegal actions of defendant Carl Bear." *Id.*, p. 11. In Count 3, Plaintiff alleges that his due process rights were violated when he was placed on grievance restriction. *Id.*, pp. 5-6, 12-13. Finally, Plaintiff contends that his outgoing legal mail was inspected "to determine if Plaintiff was asserting claims against prison staff members" in violation of his First Amendment rights. *Id.*, pp. 14-15.

Defendants have raised the affirmative defense that Plaintiff failed to exhaust the available administrative remedies before filing this action.[3] Defendants assert that all of the relevant grievance appeals submitted by Plaintiff to the ARA were returned because of procedural errors, and because Plaintiff did not correct the errors and resubmit the grievance

---

[2]Plaintiff asserts that he was moved, over his objection, from cell G-1-124, where he had been the sole occupant, to a cell on D-unit which he had to share with another inmate. Complaint, p. 3. Plaintiff alleges he was told by an unidentified inmate that "the indian inmates that previously lived in G-1-124 had left something behind in the electrical or utility fixtures after being transferred" and that unidentified white inmates therefore "wanted to get inside" that cell. *Id.*

3

appeals, he failed to exhaust his available remedies as required. For the reasons discussed hereafter, the undersigned agrees that Plaintiff has not exhausted the available administrative remedies with respect to the claims raised in his Complaint.

**Standard of Review**

Arguing the non-exhaustion of administrative remedies, Defendants move for dismissal under Fed. R. Civ. P 12(b)(6) or alternatively for summary judgment under Fed. R. Civ. P. 56(a). Because the undersigned has considered materials outside the pleadings on this defense, Defendants' Motion has been treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); 56.

Summary judgment may be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 ( 1986). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. and Local 382,* 462 F3d. 1253, 1258 (10th Cir. 2006) (quotation omitted). Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, Defendants bear the initial burden to demonstrate the absence of a disputed material fact on the issue of exhaustion. If Defendants satisfy this burden, Plaintiff may not rest on his pleadings but is required to "demonstrate with specificity the existence of a disputed material fact[,]" *Hutchison v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 2011), or "show that remedies were unavailable to him as a result of" the actions of prison officials. *Tuckel*

*v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). If Plaintiff fails to meet this burden, his claim is barred by the affirmative defense, and Defendants are entitled to summary judgment as a matter of law. *Hutchison*, 105 F.3d at 564.

## Exhaustion of Administrative Remedies

Exhaustion of administrative remedies is required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), which provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In construing this legislation, the United States Supreme Court has determined that "exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA "requires proper exhaustion" of the prison's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The Oklahoma Department of Corrections (ODOC) Offender Grievance Process, OP-090124 ("Grievance Process"), governs Plaintiff's exhaustion of administrative remedies. *See* Defendants' Motion, Ex. 1. The Grievance Process involves the following steps. The inmate must first attempt to resolve his complaint informally. *Id.*, ¶ IV. A. If the problem is not resolved informally, the inmate may submit a written Request to Staff. *Id.*, ¶ IV. B.

4

If dissatisfied with the response to the Request to Staff, an inmate may submit a formal grievance with the reviewing authority (RA). *Id.*, ¶ V. A., B. If the inmate remains unsatisfied, a response to a grievance may be challenged by filing an appeal with the administrative review authority (ARA). *Id.*, ¶ VII. A., B.[4] The ruling of the ARA is final and is the last step of the ODOC's Grievance Process. *Id.*, ¶ VII. D.

If it is determined that an inmate has abused the Grievance Process, his ability to submit a grievance may be restricted. *Id.*, ¶ IX. A. An inmate placed on grievance restriction can still file grievances. He must, however, attach an affidavit to the grievance, affirming that the contents of the grievance are true and correct. Additionally, an inmate under grievance restriction must list all grievances he has submitted during the preceding twelve months, identified by the grievance number, the date of submission, a description of the issues, and the result at each stage of the process. *Id.*, ¶ IX. B. 2. (a). If the inmate does not comply with all the procedural requirements, the grievance will be returned to the inmate for correction. *Id.* ¶ IX(B)(2)(c).

**Defendants' Motion**

Defendants seek summary on grounds that Plaintiff has failed to exhaust his available administrative remedies as to each of his claims because he failed to submit a proper grievance appeal relevant to any of his claims. The undersigned agrees that Plaintiff has not exhausted the available administrative remedies.

---

[4] In this case, Defendant Carl Bear, Assistant Warden, was the RA, and Defendant Morton, the Manager of the Administrative Review Unit at ODOC, was the ARA.

With respect to Counts 1, 2, and 3 of his Complaint, that on October 28, 2010, the ARA received a grievance appeal, number 11-707, from Plaintiff. SR, Att. 43, pp. 22-23. The ARA returned the appeal on November 2, 2010, in part because Plaintiff had been placed on grievance restriction[5] and the proper documentation was not included. *Id.*, p. 21. Plaintiff did not correct the procedural errors or resubmit the grievance appeal. *See, id.*, p. 2.

Also on October 28, 2010, Plaintiff submitted another grievance appeal, number 11-708. SR, Att. 43, p. 31-32.[6] This grievance appeal, too, was returned in part based on Plaintiff's failure to include the documentation required of him as an inmate on grievance restriction. *Id.*, p. 30. Plaintiff again failed to correct the procedural error or resubmit the grievance appeal. *See id.*, p. 2.

On May 6, 2011, the ARA received two grievance appeal forms which had apparently been mailed together. One was dated April 28, 2010, reflecting an appeal of grievance number 11-1826, and the other was dated April 25, 2010, without reference to a particular grievance. SR, Att. 43, pp. 6-9. Both appeals were returned. *Id.*, p. 5. The ARA informed Plaintiff that multiple grievances could not be submitted in one envelope and that grievances related to medical issues must be sent to medical services. *Id.* The record reflects that

---

[5]Plaintiff was placed on grievance restriction effective October 18, 2010, for continued submission of grievances with respect to issues previously addressed. SR, Att. 9, p. 3.

[6]The undersigned notes that the first page of the relevant grievance is missing from this part of the record (Attachment 43); however, what appears to be that same grievance including the missing page is found at SR, Att. 9, pp 3-4.

Plaintiff failed to correct the procedural error or resubmit a proper grievance appeal.[7] *See id.*, p. 2.

On September 29, 2011, some four months after he filed this action, Plaintiff submitted another grievance appeal which was returned on the grounds that Plaintiff "cannot appeal a non response" and directing Plaintiff to the instructions in OP-090124. *Id.*, p. 44. Again, the record supports Defendants' argument that Plaintiff failed to correct the procedural error. *See id.*, p. 2.

With respect to Plaintiff's challenge in Count 4 to the prison policy of reading outgoing legal mail, *see* Complaint, p. 14, there is no evidence of record that he ever filed a proper appeal on the Offender Appeal Form required by OP-060125. *See* SR, Att. 43, pp. 2, 11-12.

### **Plaintiff's Response**

In his response Plaintiff asserts that "Attachment Exhibits - shows grievances filed by Plaintiff concerning all said counts within the Civil Complaint." Plaintiff's Response, p. 3. As noted above, Defendants do not deny that Plaintiff filed grievances. Rather, they correctly argue that in order to satisfy the exhaustion requirement, an inmate must not only begin the grievance process, but must follow the process to its completion. *See Jernigan*, 304 F.3d. at 1032 ("[T]he doctrine of substantial compliance does not apply."); *see also Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir 2010).

---

[7] On May 9, 2011, the ARA notified Plaintiff that, because of his refusal to follow the grievance process and continued submission of grievances/appeals with procedural errors, his previously imposed grievance restriction was extended until May 9, 2012. *Id.*, p. 4.

Next, Plaintiff asserts that "[t]he Defendants cannot complain as a defense when it clearly was the failure of defendants to correctly in accordance with Oklahoma Statutory Law, Title 57 O.S. Supp. 564 to respond to the grievance." Plaintiff's Response, p. 3. However, the Grievance Process provides that an inmate can appeal to the ARA in the event his facility-level grievance goes unanswered for 30 days. *See* Defendants' Motion, Ex. 1, p. 9. Because Plaintiff does not allege or demonstrate that he properly utilized this available remedy, Defendants' alleged failure to respond to his grievances does not excuse his failure to exhaust such remedies. *See Jernigan*, 304 F.3d at 1032-33 (an inmate "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them," and thus administrative remedy was not "unavailable" where regulations provided bypass in the event inmate does not receive a response); *Smith v. Beck*, 165 Fed. Appx. 681, 685, (10th Cir Feb. 8, 2006)(recognizing that "[a]lthough a prison official's failure to respond to a grievance can make the administrative exhaustion process unavailable, . . . the ODOC policies provide alternatives: . . . prisoners may continue to appeal within the prison system even it they do not receive responses to their Requests to Staff or their grievances. Thus, prison officials' alleged failure to respond does not excuse [plaintiff's] failure to exhaust his administrative remedies." (citation omitted)).

Finally, Plaintiff asserts without further explanation that Defendants "used an unconstitutional grievance appeal restriction to prohibit plaintiff's right of appellate review." Plaintiff's Response, p. 3. Plaintiff had not shown, however, that the grievance restriction itself prevented him from exhausting his administrative remedies. Pursuant to ODOC policy

OP-090124, an inmate on grievance restriction must provide additional information with a new grievance, including a duly-verified affidavit and a list of grievances submitted within the last 12 months. Defendants' Motion, Ex. 1, pp. 15-16. Plaintiff has not presented any evidence that he submitted grievance appeals with the required information after he was placed on grievance restriction. Nor has he described any specific instance in which the grievance restriction prevented or impeded his ability to file an appeal. Accordingly, his placement on grievance restriction does not excuse the requirement for exhaustion of Plaintiff's administrative remedies.

Defendants have established as a matter of law that Plaintiff failed to properly exhaust his administrative remedies before filing this action. Accordingly, it is recommended that Defendants Motion be granted.

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed herein, it is recommended that Defendants' motion, construed as a for summary judgment, be granted and Plaintiff's action dismissed without prejudice for failure to exhaust administrative remedies.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 20th, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned

9

Magistrate Judge in this matter.

ENTERED this 31ˢᵗ day of August, 2012.

                                        BANA ROBERTS
                                        UNITED STATE MAGISTRATE JUDGE